```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

MELBA ST. CLAIRE JOHNSON,

    Plaintiff,

vs.                            No. 06-2114-B/An

UNITED STATES SECRET SERVICE,
et al.,

    Defendants.

ORDER DIRECTING CLERK TO FILE PLAINTIFF'S RESPONSE
ORDER GRANTING MOTION TO DISMISS
FILED BY UNITED STATES
ORDER GRANTING MOTION TO DISMISS
FILED BY TENNESSEE ATTORNEY GENERAL PAUL G. SUMMERS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

      Plaintiff Melba St. Claire Johnson, a resident of Memphis, Tennessee, commenced a civil action in the Shelby County General Sessions Court on or about January 19, 2006 by filing a civil warrant that named the United States Secret Service and, presumably, the Attorney General of the State of Tennessee. The basis for the complaint is the "[u]nauthorized & wrongful search of my home without a search warrant resulting in damages on or about 1/20/05." The United States removed the case to federal court on February 22, 2006 pursuant to 28 U.S.C. § 1442(a)(2). According to

the notice of removal, "Congress has provided that the exclusive remedy for the damage alleged by the Plaintiff is an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-80. Moreover, this Court has exclusive original jurisdiction over such suit. 28 U.S.. § 1346(b)(1)." Notice of Removal at 1-2.

On February 28, 2006, the United States filed a motion to dismiss the complaint as to the Secret Service pursuant to Fed. R. Civ. P. 12(b)(1). The plaintiff did not respond to that motion and, on April 7, 2006, the Court issued an order directing the plaintiff to show cause, by April 18, 2006, why the motion should not be granted. The plaintiff submitted what appears to be a timely response to that motion, including a motion for appointment of counsel, and the Clerk is ORDERED to docket that response.[1]

The Tennessee Attorney General filed a motion to dismiss on March 7, 2006. The plaintiff did not respond to that motion.

As previously mentioned, the United States filed a motion to dismiss the complaint with respect to it, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction. The motion observes, correctly, that there are two ways to construe the plaintiff's claim. First, her allegation of a warrantless, "wrongful" search suggests a constitutional tort claim, pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

---

[1]   The cover letter to the plaintiff's response is dated April 10, 2006. The response was hand delivered to chambers on April 12, 2006.

However, the United States and its agencies have not waived their sovereign immunity for Bivens claims. FDIC v. Meyer, 510 U.S. 471, 484-85 (1994). Accordingly, the Court GRANTS the motion of the United States to dismiss the complaint, to the extent it asserts a Bivens claim, pursuant to Fed. R. Civ. P. 12(b)(1).

The motion filed by the United States suggests, in the alternative, that the plaintiff's complaint can be construed as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. However, pursuant to 28 U.S.C. § 2674(a),

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his action or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally decided by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

The United States has submitted the declaration of Mark Sullivan, Deputy Director of the United States Secret Service, who states that a search of the Secret Service's FTCA claim records indicate that the plaintiff did not present a claim to the Secret Service relating to the search of her house on or about January 20, 2005. In her response, the plaintiff concedes she did not present her claim to the Secret Service.

Exhaustion of administrative remedies is a jurisdictional prerequisite to the filing of an action under the FTCA. McNeil v. United States, 508 U.S. 106, 111-12 (1993). As plaintiff admits she has not exhausted her administrative remedies, the Court GRANTS the motion of the United States to dismiss the complaint, to the extent it asserts an FTCA claim, pursuant to Fed. R. Civ. P. 12(b)(1). This dismissal is without prejudice to the plaintiff's right to file a new lawsuit under the FTCA in the event she timely exhausts her administrative remedies. 28 U.S.C. § 2401(b).

For the foregoing reasons, the Court GRANTS the motion to dismiss of the United States pursuant to Fed. R. Civ. P. 12(b)(1). This order terminates the United States Secret Service as a party to this action.

As previously stated, Tennessee Attorney General Paul G. Summers filed a motion to dismiss on March 7, 2006. Although the plaintiff did not respond to this motion, it is readily apparent from her response to the motion filed by the United States that she does not have a claim against the Tennessee Attorney General.[2]

---

[2] Although the Sixth Circuit has suggested, in dicta, that district courts have a responsibility to advise pro se prisoners of their obligations in responding to dispositive motions, that doctrine has not been extended to nonprisoners such as this plaintiff. McKinnie v. Roadway Express, Inc., 341 F.3d 554, 558 (6th Cir. 2003) ("Plaintiffs also contend that the district court should have given them notice as to the requirements of Federal Civil Procedure Rule 56(e), as well as the consequences of failing to oppose Roadway's summary judgment motion. Ordinary civil litigants proceeding pro se, however, are not entitled to special treatment, including assistance in regards to responding to dispositive motions."); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988)(pro se defendants not entitled to special treatment when responding to summary judgment motion; "When a person . . . chooses to represent himself, he should expect no special treatment which prefers him over others who are
(continued...)

The complaint does not clearly set forth the basis for the plaintiff's claim against the Tennessee Attorney General, and the plaintiff's response to the motion filed by the United States suggests that no state official had any involvement in the search of the plaintiff's home. To the extent the plaintiff is suing the Tennessee Attorney General in his official capacity pursuant to 42 U.S.C. § 1983, the complaint fails to state a claim. A claim against Summers in his official capacity is, in effect, asserted against the State of Tennessee. Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 164-65 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984). Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Graham, 473 U.S. at 165-66; Pennhurst, 465 U.S. at 98-100; Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Accordingly, any § 1983 claim against Summers in his official capacity is barred by the Eleventh Amendment.[3] The Court GRANTS the State's motion to dismiss the complaint, to the extent it asserts a claim against Summers in

---

[2] (...continued)
represented by attorneys.").

[3] Plaintiff's claim pursuant to 42 U.S.C. § 1983 against the State of Tennessee is also subject to dismissal on the ground that a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).

his official capacity under 42 U.S.C. § 1983, pursuant to Fed. R. Civ. P. 12(b)(6).

The complaint also fails to state a claim if the plaintiff intended to assert a § 1983 claim against Summers in his individual capacity.[4] The complaint does not allege that Summers had any personal involvement in the search of the plaintiff's home. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates yet fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this

---

[4] The State's motion to dismiss erroneously states that plaintiffs are required specifically to plead whether a state official is being sued in his individual capacity. The case on which the State relies, Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1989), has been superseded by Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001) (en banc), in which a plurality of the Court of Appeals rejected the view that Wells establishes a per se rule requiring § 1983 plaintiffs to affirmatively plead 'individual capacity' in the complaint." Instead, the plurality stated that, "while it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her "individual capacity" . . . failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." Id. This portion of the plurality opinion expressed the views of seven of the thirteen judges on the en banc court.  In addition, Judge Gilman concurred but expressed his view that Wells should have been explicitly overruled.  Id. at 775 (Gilman, J., concurring).

case, even if it is assumed that the search was undertaken by state officials, the complaint is devoid of allegations that defendant Summers "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that any allegedly unconstitutional conduct described in the complaint was the direct result of Summers's failure to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996).[5] The Court GRANTS the State's motion to dismiss the complaint, to the extent it asserts a § 1983 claim against Summers in his individual capacity, pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, the State has also filed a motion to dismiss any state tort claim asserted against the Tennessee Attorney General in either his official or individual capacities. In this case, however, the Court has granted motions to dismiss each of the claims in which this Court would have original federal jurisdiction. The Court declines to exercise supplemental jurisdiction over any remaining state-law claims that may or may not be asserted in the complaint. See 28 U.S.C. § 1367(c)(2). Those

---

[5] Although the State also seeks dismissal of the claims against Summers on the basis of prosecutorial immunity, the factual allegations of the complaint, even read in conjunction with the plaintiff's response to the motion filed by the United States, are insufficient to permit a determination that that immunity is applicable here.

7

claims are DISMISSED without prejudice to plaintiff's right to refile them in state court.

In light of the dismissal of this action, the motion for appointment of counsel is DENIED.

The Court must also consider whether plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See *Callahan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that led the Court to grant the defendants' motions to dismiss also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by plaintiff is not taken in good faith.

8

Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee[6] or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 18th day of April, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[6] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.